J-S64045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN RE: ADOPTION OF H.R.W.  : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
APPEAL OF: D.T.W.  : No. 1103 WDA 2014

Appeal from the Order June 9, 2014
In the Court of Common Pleas of Fayette County
Orphans' Court at No(s): 3 Adopt 2014

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:  **FILED OCTOBER 10, 2014**

Appellant, D.T.W. ("Father"), appeals from the order entered in the Fayette County Court of Common Pleas, which involuntarily terminated his parental rights to his minor daughter, H.R.W. ("Child"). We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts of this case. Therefore, we have no reason to restate them. Procedurally, on January 24, 2014, Mother filed a petition for involuntary termination of Father's parental rights. The court held a termination hearing on April 25, 2014. On May 8, 2014, the court granted Mother's petition. The court amended the termination order on June 9, 2014. Father timely filed a notice of appeal on July 8, 2014, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i).

Father raises the following issues for our review:

> DID THE TRIAL COURT ERR BY ABUSING ITS
> DISCRETION IN TERMINATING THE NATURAL
> FATHER'S PARENTAL RIGHTS AS [MOTHER] FAILED

TO SUSTAIN HER BURDEN OF PROOF BY CLEAR AND CONVINCING EVIDENCE TO WARRANT THE TERMINATION OF PARENTAL RIGHTS.

DID THE TRIAL COURT COMMIT [ERROR] IN INVOLUNTARILY TERMINATING THE NATURAL FATHER'S RIGHTS WHERE FATHER WAS INCARCERATED AND ALL HIS EFFORTS TO CONTINUE INVOLVEMENT IN CARE AND CONTROL OF HIS CHILD [WERE] DISREGARDED AND THWARTED BY [MOTHER].

WAS THE EVIDENCE CONCERNING FATHER'S PARENTING SKILLS AND THE EXISTENCE OF A PARENTAL BOND BETWEEN FATHER AND CHILD INSUFFICIENT BECAUSE ALL EVIDENCE ON THIS MATTER WAS BASED ON CONJECTURE INSTEAD OF OBSERVATIONS MADE DUE TO HIS INCARCERATION.

DID [MOTHER] FAIL TO SUSTAIN [HER] BURDEN OF PROOF BY CLEAR AND CONVINCING EVIDENCE TO WARRANT THE TERMINATION OF PARENTAL RIGHTS.

(Father's Brief at 1).

The standard and scope of review applicable in termination of parental

rights cases are as follows:

When reviewing an appeal from a decree terminating parental rights, we are limited to determining whether the decision of the trial court is supported by competent evidence. Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand. Where a trial court has granted a petition to involuntarily terminate parental rights, this Court must accord the hearing judge's decision the same deference that it would give to a jury verdict. We must employ a broad, comprehensive review of the record in order to determine whether the trial court's decision is supported by competent evidence.

Furthermore, we note that the trial court, as the finder of

fact, is the sole determiner of the credibility of witnesses and all conflicts in testimony are to be resolved by [the] finder of fact. The burden of proof is on the party seeking termination to establish by clear and convincing evidence the existence of grounds for doing so.

The standard of clear and convincing evidence means testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue. We may uphold a termination decision if any proper basis exists for the result reached. If the trial court's findings are supported by competent evidence, we must affirm the court's decision, even though the record could support an opposite result.

*In re Adoption of K.J.*, 936 A.2d 1128, 1131-32 (Pa.Super. 2007), *appeal denied*, 597 Pa. 718, 951 A.2d 1165 (2008) (internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the comprehensive opinion of the Honorable Linda R. Cordaro, we conclude Father's issues merit no relief. The trial court opinion discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed June 6, 2014, at 2-6) (finding: Father saw Child only twice since 2008, and has not maintained bond with Child; even when not incarcerated, Father showed minimal interest, if any, in parental rights and duties toward Child; Father provided no financial support or gifts to Child; Father's infrequent contact with Child on Christmas and Child's birthday does not demonstrate intent by Father to maintain or promote significant role in Child's life; Father failed to utilize available resources in prison; Father has not made reasonable efforts to overcome obstacles to preserve parental

relationship with Child; Mother's fiancé intends to adopt Child; Mother's fiancé provides care and financial support for Child, and has close relationship with Child; guardian *ad litem* stated termination of Father's parental rights to facilitate adoption by Mother's fiancé will serve Child's best interests; termination of Father's parental rights is proper under Section 2511(a)(1) and (b)).[1] Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/10/2014</u>

---

[1] We note Father failed to present a separate argument section in his appellate brief for each question to be argued, in contravention with Pa.R.A.P. 2119(a) (stating argument shall be divided into as many parts as there are questions to be argued; and shall have at head of each part, particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent).